UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

EUGENE VINCENT JOINER,

Plaintiff,

v.

DET. DAVE GIGUERE,
DENNIS P. CASEY,
HON. JUDGE LLOYD ZIMMERMAN,
DEPUTY SCHLEIF, and
TWO UNKNOWN DEPUTIES, ET AL.,

Defendants.

Civil File No. 01-1889 (PAM/FLN)

REPORT AND RECOMMENDATION

Plaintiff, an inmate at the Hennepin County Jail in Minneapolis, Minnesota, has filed a complaint alleging that Defendants have violated his federal constitutional rights. The matter is presently before the undersigned Magistrate Judge for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1. For the reasons discussed below, the Court finds that Plaintiff's complaint fails to state a claim on which relief can be granted, and that this action should therefore be dismissed pursuant to § 1915A(b)(1).

**I. BACKGROUND**

Plaintiff alleges that he was arrested on or about September 27, 2001, after he attempted to enter the Hennepin County Juvenile Justice Center with a black briefcase that contained "an air replica air pistol B.B. gun." According to the complaint, Plaintiff was attempting to enter the Juvenile Justice Center to visit his girlfriend and the girlfriend's nine-month old child. The briefcase he was carrying at the time contained a bag of clothes

FILED OCT 30 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD ______
DEPUTY CLERK ______

that he intended to deliver to his girlfriend -- as well as the gun. Plaintiff claims that he had forgotten that the gun was in the briefcase. The gun was discovered when he attempted to pass through a security screening at the entrance to the Juvenile Justice Center.

As far as the Court can tell, Plaintiff was arrested and taken into custody as soon as the gun was discovered in his briefcase. He was charged with violating Minn.Stat. 609.66, subd. 1g (Dangerous Weapon In A Courthouse). As of October 9, 2001, (the date of the instant complaint), Plaintiff was still being held in the Hennepin County Jail.

In this action, Plaintiff claims that the named Defendants, (two Hennepin County law enforcement officials, an assistant county attorney, and a county judge), have violated his federal constitutional rights by causing him to be "unlawfully imprisoned on false pretense." He is seeking release from custody, as well as unspecified "injunctive relief" and "punitive damages."

## II. DISCUSSION

Because Plaintiff is a prisoner who is seeking redress from government employees, his pleading must be screened in accordance with the procedures prescribed by 28 U.S.C. § 1915A, which is part of the Prison Litigation Reform Act of 1995, ("PLRA"). Section 1915A requires federal courts to screen the pleadings in every prisoner civil rights action against governmental agents and agencies "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. To the extent that the pleading, on its face, fails to state a cognizable claim, it must be dismissed. 28 U.S.C. § 1915A(b)(1).

Here, the action must be dismissed in its entirety pursuant to § 1915A(b)(1), because Plaintiff's claims are barred under the principles discussed by the Supreme Court in Preiser v. Rodriguez, 411 U.S. 475 (1973) and Heck v. Humphrey, 512 U.S. 477 (1994). In both of those cases, the Court held that an individual in state custody cannot challenge the propriety of his or her confinement in a federal civil rights action. Habeas corpus is the exclusive federal remedy for a person who believes that he or she is wrongly incarcerated. Heck, 512 U.S. at 481, citing Preiser, 411 U.S. at 488-490; see also, Sheldon v. Hundley, 83 F.3d 231, 233 (8th Cir. 1996).

In the instant case, it is readily apparent that Plaintiff is challenging the propriety of his confinement at the Hennepin County Jail. Indeed, he is expressly asking this Court to enter an injunction that would cause him to be released from his allegedly unlawful imprisonment. According to Preiser and Heck, however, Plaintiff cannot challenge the fact or duration of his confinement in a civil rights action such as this one. Habeas corpus is the sole federal remedy by which Plaintiff can secure his release from custody.

Moreover, even when a prisoner-plaintiff demands only money damages, he cannot bring a civil rights action that would effectively "call into question the lawfulness of [his] conviction or confinement." Heck, 512 U.S. at 483. See also Sheldon v. Hundley, 83 F.3d at 233 ("Heck requires favorable termination of the action in an authorized state tribunal or a federal habeas corpus court, even if the claim is for damages rather than earlier release"). In this case, Plaintiff is clearly claiming that his confinement is unconstitutional, and any judgment in his favor on that claim would obviously cast doubt on the validity of his confinement. According to Heck, Plaintiff cannot maintain a civil rights action based

on his allegedly unconstitutional confinement – regardless of the type of relief being sought -- until after he has successfully challenged his confinement in an appropriate forum, i.e., in his state criminal case, or in a federal habeas corpus proceeding.[1]

## III. CONCLUSION

In sum, Plaintiff has failed to state a claim on which relief can be granted, because he cannot challenge the validity of his current confinement in a federal civil rights action. Because Plaintiff has failed to plead a cognizable claim for relief, this action must be summarily dismissed pursuant to 28 U.S.C. § 1915A(b). It follows that Plaintiff's application for leave to proceed in forma pauperis, (Docket No. 2), must also be denied. See 28 U.S.C. § 1915(e)(2)(B)(ii). Notwithstanding the dismissal of this action, Plaintiff will remain liable for the unpaid balance of the $150 filing fee.[2] He has not paid any part of the

---

[1] Under different circumstances, Plaintiff's complaint might be construed as an application for federal habeas corpus relief. See Offet v. Solem, 823 F.2d 1256, 1257 (8th Cir. 1987); Feeney v. Auger, 808 F.2d 1279, 1280-81 (8th Cir. 1986); but see Copus v. City of Edgerton, 96 F.3d 1038, 1039 (7th Cir. 1996) (holding that a civil rights action that is barred by Heck should be dismissed, and should not be converted to a habeas case). That cannot be done here because Plaintiff has not exhausted his state court remedies, and he is therefore ineligible for federal habeas relief at this time. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999) ("the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition").

[2] Under the PLRA, prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action. However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee." In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes

fee to date, so he still owes the full $150 at this time. Hennepin County Jail officials will have to deduct that amount from Plaintiff's institutional trust account and pay it to the Clerk of Court in the manner prescribed by 28 U.S.C. § 1915(b)(2). Finally, the dismissal of this action should count as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

## IV. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), be **DENIED**;

2. This action be **SUMMARILY DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915A(b)(1);

3. Plaintiff be required to pay the unpaid balance of the Court filing fee, namely the full $150, in accordance with 28 U.S.C. § 1915(b)(2); and

4. For purposes of 28 U.S.C. § 1915(g), this action be dismissed "on the grounds that it is frivolous, malicious, or fails to state a claim on which relief may be granted."

Dated: October 29, 2001

Franklin L. Noel

FRANKLIN L. NOEL
Chief Magistrate Judge

---

prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.