UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Eugene Vincent Joiner,

Plaintiff,

v.

Det. Dave Giguere,
Dennis P. Casey,
Hon. Judge Lloyd Zimmerman,
Deputy Schleif, and Two
Unknown Deputies, et. al.,

Defendants.

Civ. File No. 01-1889 (PAM/FLN)

**ORDER**

---

This matter is before the Court on the Report and Recommendation ("R&R") of Chief Magistrate Judge Franklin L. Noel dated October 29, 2001. Pursuant to 28 U.S.C. § 1915A, the Magistrate Judge conducted an initial screening of this case and now recommends that: (1) the Court dismiss without prejudice Mr. Joiner's claim that Defendants have violated his constitutional rights by unlawfully imprisoning him, counting this dismissal as a "strike" against him for the purposes of 28 U.S.C. § 1915(g); (2) the Court deny Mr. Joiner's application to proceed without prepayment of fees; and (3) the Court order Mr. Joiner to pay the unpaid balance of the Court filing fee in accordance with 28 U.S.C. § 1915(b)(2). Mr. Joiner filed a timely objection to the R&R.

The Court must conduct a de novo review of any portion of the Magistrate Judge's opinion to which specific objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b);

FILED DEC 11 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD DEC 11 2001
DEPUTY CLERK

Local Rule 72.1(c)(2). Based on a review of the record and the submissions of the parties, the Court concludes that the Magistrate Judge's R&R is correct and therefore adopts all of the Magistrate Judge's recommendations.

Mr. Joiner has not objected to the specific legal or factual findings of the R&R. Rather, he argues that the Magistrate Judge should have recused himself "according to Federal Rules of Civil Procedures [sic] 28-144 because of bais [sic] and or prejudice in two other cases, case #98-PAM/JGL and or 98-1736 RHK/FLN." (Pl.'s Objections at 1.) Because Mr. Joiner has not provided any factual or applicable legal arguments to support his position, the Court rejects his objections. Additionally, it should be noted that Magistrate Judge Noel considered and rejected Mr. Joiner's motion for recusal. See November 11, 2001, Order at 1.

Accordingly, based upon all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Application to Proceed Without Prepayment of Fees (Clerk Doc. No. 2) is **DENIED**;
2. This action is **DISMISSED without prejudice**;
3. Plaintiff is required to pay the unpaid balance of the Court filing fee, namely the full $150, in accordance with 28 U.S.C. § 1915(b)(2); and

4. For the purposes of 28 U.S.C. § 1915(g), this action is dismissed "on the grounds that it is frivolous, malicious, or fails to state a claim on which relief may be granted."

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: December 11, 2001

Paul A. Magnuson
United States District Court Judge

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES:

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEAL NO. CIV
Rev. August 11, 1995